IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NHAT D. MAI, | ) | No. C 05-5272 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| v. | ) | |
| | ) | |
| JOE McGRATH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On December 20, 2005, petitioner, a prisoner at Pelican Bay State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In 2003, petitioner pled guilty in Santa Clara County Superior Court to one count of murder, two counts of attempted murder and one count of assault with a deadly weapon. Petitioner was sentenced to a term of 40 years to life in state prison. The California Court of Appeal affirmed the judgment and conviction.[1] Petitioner also filed an unsuccessful petition for a writ of habeas corpus in the California Court of Appeal, followed by an unsuccessful petition for a writ of habeas corpus in the California Supreme Court.

**DISCUSSION**

A. Standard of Review

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

_____

[1] Petitioner did not file a petition for review in the California Supreme Court.

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.     Legal Claims

Petitioner claims he received ineffective assistance of counsel that resulted in petitioner's accepting a plea bargain and waiving his right to a jury trial.  Specifically, he claims trial counsel was ineffective in failing to investigate the illegality of a recorded conversation between himself and his father, and to file a motion to suppress the conversation.  He also claims trial counsel was ineffective in failing to employ a Vietnamese interpreter, "especially during plea negotiations."

Liberally construed, the petition asserts a cognizable claim that petitioner's plea was not voluntary and intelligent because counsel's deficient performance rendered counsel's advice to plead guilty below "the range of competence demanded of attorneys in criminal cases."  See generally Hill v. Lockhart, 474 U.S. 52, 56 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.     The Clerk of the Court shall serve by certified mail a copy of this order and the amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.     Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

1  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
2  granted based on petitioner's cognizable claim.  Respondent shall file with the answer and
3  serve on petitioner a copy of all portions of the state trial record that have been transcribed
4  previously and that are relevant to a determination of the issues presented by the petition.

5        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
6  the Court and serving it on respondent within 30 days of the date the answer is filed.

7        3.    In lieu of an answer, respondent may file, within 60 days of the date this order
8  is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee
9  Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a
10  motion, petitioner shall file with the Court and serve on respondent an opposition or
11  statement of non-opposition within 30 days of the date the motion is filed, and respondent
12  shall file with the Court and serve on petitioner a reply within 15 days of receipt of the date
13  any opposition is filed.

14        4.    Petitioner is reminded that all communications with the Court must be served
15  on respondent by mailing a true copy of the document to respondent's counsel.

16        5.    It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
17  Court and respondent informed of any change of address and must comply with the Court's
18  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
19  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20        6.    Upon a showing of good cause, requests for a reasonable extension of time will
21  be granted as long as they are filed on or before the deadline which they seek to extend.

22        7.    In light of petitioner's lack of funds, the application to proceed in forma
23  pauperis is GRANTED.

24  This order terminates Docket No. 2.

25  IT IS SO ORDERED.

26  DATED: May 25, 2006

MAXINE M. CHESNEY
United States District Judge