IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NHAT D. MAI, | ) | No. C 05-5272 MMC (PR) |
| Petitioner, | ) | |
| v. | ) | **ORDER GRANTING MOTION TO DISMISS** |
| JOE McGRATH, Warden, | ) | |
| Respondent. | ) | (Docket No. 10) |
| _____ | ) | |

Petitioner Nhat D. Mai, a California prisoner incarcerated at Pelican Bay State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court found cognizable petitioner's claims that he waived his right to a jury trial and pled guilty as a result of the ineffective assistance of trial counsel. Specifically, petitioner claims trial counsel was ineffective for failing to investigate the illegality of a recorded conversation between petitioner and his father, and for failing to file a motion to suppress the conversation. He also claims trial counsel was ineffective for failing to employ a Vietnamese interpreter, "especially during plea negotiations." The Court ordered respondent to file an answer showing cause why the petition should not be granted based on these claims or, in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition for failure to exhaust. See 28 U.S.C. § 2254(b)-(c). Petitioner has filed an opposition, and respondent has filed a reply.

## BACKGROUND

In 2003, petitioner pled guilty in Santa Clara County Superior Court to one count of murder, two counts of attempted murder and one count of assault with a deadly weapon. He

was sentenced to a term of forty years to life in state prison.

On direct appeal, petitioner raised a Fourth Amendment challenge to his conviction and objected to the trial court's imposition of a restitution fine. The California Court of Appeal affirmed the judgment. Petitioner did not file a petition for review in the California Supreme Court.

While his direct appeal was pending, petitioner filed a state petition for a writ of habeas corpus in the California Court of Appeal. In that petition he claimed that his appellate counsel rendered ineffective assistance of counsel by not asserting on appeal that petitioner's trial counsel had rendered ineffective assistance of counsel. The California Court of Appeal summarily denied the petition without citation or comment on September 8, 2004. Petitioner then filed a state petition for a writ of habeas corpus in the California Supreme Court, again asserting claims of ineffective assistance of appellate counsel. The California Supreme Court summarily denied the petition without citation or comment on September 7, 2005.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. Id.

Respondent argues that the instant petition is unexhausted because petitioner never presented his ineffective assistance of trial counsel claims to the California Supreme Court for decision. In his opposition to respondent's motion, petitioner acknowledges that he did not raise his ineffective assistance of trial counsel claims in his original petition for a writ of habeas corpus in the California Supreme Court, but asserts that before the petition was

denied he submitted a supplemental petition to the Supreme Court which did include those claims. Petitioner has attached a copy of his hand-written supplemental petition, which is stamped "Received" by the Clerk of the Supreme Court on May 16, 2005, but is not file-stamped and does not have a case number stamped on it.

Respondent replies that the receipt of petitioner's supplemental petition by the clerk of the court does not establish that the supplemental petition actually was filed and considered by the California Supreme Court. Respondent points to California Rules of Court, Rules 41(b)(1) and 46, which together provide that a document will be deemed filed on the date it is received by the clerk of the court unless it does not conform to the rules of court. Rule 60 of the California Rules of Court provides that a pro se petition for a writ of habeas corpus must be filed on a state habeas corpus form, although the court may for good cause permit the filing of a petition that is not on the form. Petitioner's supplemental petition was not submitted on the form. As further evidence that petitioner's supplemental petition was not filed, respondent has attached to his reply a copy of the California Supreme Court's docket for petitioner's case. It shows that a petition for a writ of habeas corpus was "filed" in that court on October 28, 2004, that a supplement from petitioner was "received" by the court on May 16, 2005, and that the petition was denied on September 7, 2005. (Ex. F.)

Having reviewed the papers and documents submitted by the parties, this Court concludes that petitioner has not established that he fairly presented his ineffective assistance of trial counsel claims to the California Supreme Court for decision. The record contains no evidence that the supplemental petition actually was filed and considered by the California Supreme Court. Rather, as respondent submits, it appears that the Supreme Court received the petition but did not file it because it did not comply with the rules of court. Accordingly, respondent's motion to dismiss the petition as unexhausted is GRANTED.

Because petitioner is proceeding pro se, however, the Court will grant him one further opportunity to establish that his claims are exhausted, by filing an amended petition which includes proof that his supplemental state court petition was filed and considered by the California Supreme Court. If he is unable to do so, the instant petition will be dismissed.

3

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss is GRANTED and the instant petition is hereby DISMISSED with leave to amend.

Within **sixty (60)** days of the date of this order, petitioner shall file with the Court and serve on respondent an amended petition, which includes proof that his supplemental state court petition was filed and considered by the California Supreme Court. The failure to do so will result in the dismissal of this petition without prejudice, for failure to exhaust state remedies.

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: June 26, 2007

_____
MAXINE M. CHESNEY
United States District Judge

Order Granting Motion to Dismiss
G:\PRO-SE\MMC\HC.05\05-5272.mtd.exh.grant

4