IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHAT D. MAI,<br><br>        Petitioner,<br><br>   v.<br><br>JOE McGRATH, Warden,<br><br>        Respondent.<br>_____ | No. C 05-5272 MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

On December 20, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After reviewing the petition, the Court found cognizable petitioner's claims that he waived his right to a jury trial and pled guilty as a result of ineffective assistance of trial counsel.  The Court ordered respondent to file an answer showing cause why the petition should not be granted based on said claims or, in the alternative, a motion to dismiss on procedural grounds.

Respondent thereafter filed a motion to dismiss the petition for failure to exhaust state remedies; petitioner opposed the motion, and respondent filed a reply.  Respondent argued petitioner had not exhausted his ineffective assistance claims because he had not presented them to the California Supreme Court for review in the state habeas petition he filed therein on October 28, 2004.  Rather, respondent argued, the claims had only been presented to the California Supreme Court in a "supplemental petition," which supplemental petition was stamped "Received" by the Clerk of the California Supreme Court on May 16, 2005, but had not been file-stamped nor had a case number been stamped on it.  Further, respondent noted,

when the California Supreme Court denied petitioner's state habeas petition on September 7, 2005, it did so summarily, without referencing the claims it was deciding and without citation or comment.  Respondent thus concluded that the claims in the supplemental petition had not been reviewed by the California Supreme Court because the supplemental petition did not comply with the filing requirements set forth in the California Rules of Court.

On July 26, 2007, this Court granted respondent's motion to dismiss, finding as follows:

> Having reviewed the papers and documents submitted by the parties, this Court concludes that petitioner has not established that he fairly presented his ineffective assistance of trial counsel claims to the California Supreme Court for decision.  The record contains no evidence that the supplemental petition actually was filed and considered by the California Supreme Court.  Rather, as respondent submits, it appears that the Supreme Court received the petition but did not file it because it did not comply with the rules of court.  Accordingly, respondent's motion to dismiss the petition as unexhausted is GRANTED.
>
> Because petitioner is proceeding pro se, however, the Court will grant him one further opportunity to establish that his claims are exhausted, by filing an amended petition which includes proof that his supplemental state court petition was filed and considered by the California Supreme Court.  If he is unable to do so, the instant petition will be dismissed.

(Order, filed Jul. 26, 2007, at 3:18-28.)

On October 1, 2007, petitioner filed an amended petition in which he asserts that he now has proof that his supplemental state habeas petition was filed and considered by the California Supreme Court.  In support of such assertion, petitioner submits two pieces of correspondence between himself and the Clerk of the California Supreme Court.  The first, a letter dated April 30, 2007, from petitioner to the Clerk, asks the Clerk whether the California Supreme Court, in denying petitioner's state habeas petition on September 7, 2005, considered the claims in the supplemental petition.  The second, a response dated September 12, 2007, from the Clerk to petitioner, states the following:

> In response to your questions concerning your case, all documents submitted to the California Supreme Court are considered when deciding a case, including any supplements.
>
> On September 7, 2005, this court denied your writ of habeas corpus, case number S128796.  Please rest assured, however, that the petition and the contentions made therein, including the submitted supplement on May 16, 2005,

were considered by the entire court, and the denial expresses the decision of the court on the matter.

(Amen. Pet. Attachment.)

In view of the correspondence submitted by petitioner in support of his amended petition, the Court finds petitioner has provided sufficient proof that the claims in his supplemental state habeas petition were reviewed and considered by the California Supreme Court prior to its September 7, 2005 denial of his petition. Accordingly, as the claims appear to have been exhausted, the Court will issue a renewed order for respondent to show cause why the instant petition should not be granted, based on the claims found cognizable in the Court's May 25, 2006 order to show cause.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order <u>and the amended petition</u> (Docket No. 16), along with all attachments thereto, on respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files

3

such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: May 19, 2008

MAXINE M. CHESNEY
United States District Judge