United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

NHAT D. MAI,                                           )          No. C 05-5272 MMC (PR)
                                                       )
11          Petitioner,                                )          **ORDER DENYING PETITION FOR**
                                                       )          **WRIT OF HABEAS CORPUS**
12      v.                                             )
                                                       )
13   ROBERT A. HOREL, Warden,                          )
                                                       )
14          Respondent.                                )
     _____                )

15
16          On December 20, 2005, petitioner Nhat Mai, a California state prisoner proceeding pro se,

17   filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging

18   the constitutional validity of his plea agreement.[1]  In response to the Court's order directing

19   respondent to show cause as to why relief should not be granted, respondent has filed an answer, and

20   petitioner has filed a traverse.  Having reviewed the parties' filings and the underlying record, the

21   Court concludes that petitioner is not entitled to relief based on the claims presented and,

22   accordingly, will deny the petition.

23                                          **BACKGROUND**

24          In 2003, in the Santa Clara Superior Court, petitioner, pursuant to a plea agreement, pleaded

25   guilty to one count of murder, Cal. Pen. Code § 187, two counts of attempted murder, id. § 664/187,

26   and one count of assault with a deadly weapon, id. § 245(a)(1).  Petitioner also admitted to firearm

27

28          [1] On October 1, 2007, petitioner filed an amended petition, which constitutes the operative
     pleading herein.

**United States District Court**

For the Northern District of California

1  use allegations. The trial court sentenced petitioner to an agreed term of forty years-to-life in state

2  prison. Petitioner appealed. The California Court of Appeal for the Sixth Appellate District

3  affirmed the judgment, and denied petitioner's petition for a writ of habeas corpus (Ans. Ex. E

4  (People v. Mai, No. H026731, 2005 WL 17967 (Cal. Ct. App. Dec. 30, 2004) at 1; Ex. G.), and the

5  California Supreme Court thereafter denied petitioner's petition for a writ of habeas corpus.

6      The charges against petitioner arose from the stabbing of Hung Tran in April 2002, and the

7  shooting death of Hoang Phan in May 2002. (Ans. Ex. B (Probation Officer's Report) at 2–5.) The

8  crimes appear to have been gang-related.

9      As grounds for federal habeas relief, petitioner alleges that trial counsel rendered ineffective

10 assistance when he (1) failed to file a motion to suppress a taped conversation between petitioner

11 and his father; (2) failed to challenge the admissibility of the taped conversation; and (3) failed to

12 employ a Vietnamese interpreter. (Am. Pet. at 1–2.) Petitioner apparently did not raise these claims

13 on direct appeal.

14      For the reasons set forth below, the Court will deny each of petitioner's claims.

15                                    **DISCUSSION**

16 A.    Standard of Review

17      This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

18 custody pursuant to the judgment of a State court only on the ground that he is in custody in

19 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v.

20 Hodges, 423 U.S. 19, 21 (1975).

21      A district court may not grant a petition challenging a state conviction or sentence on the

22 basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of

23 the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application

24 of, clearly established Federal law, as determined by the Supreme Court of the United States; or

25 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

26 evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529

27 U.S. 362, 412–13 (2000). A federal court must presume the correctness of the state court's factual

28 findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue

1  had a "'substantial and injurious effect or influence in determining the jury's verdict.'"  Penry v.

2  Johnson, 532 U.S. 782, 796 (2001).

3      Where, as in the instant action, the state court gives no reasoned explanation of its decision

4  on a petitioner's federal claim and there is no reasoned lower court decision on the claim, an

5  "independent review of the record" is the only means available to a district court for purposes of

6  determining whether the state court's decision was objectively reasonable.  See Himes v. Thompson,

7  336 F.3d 848, 853 (9th Cir. 2003).  Accordingly, this Court will conduct an independent review of

8  the record to determine whether the state court's decision at issue herein was an unreasonable

9  application of clearly established federal law.  Id.

10  B.    Petitioner's Claims

11      1.    Evidence of the Taped Conversation

12  Petitioner claims his trial counsel rendered ineffective assistance by failing to move to

13  suppress, and to challenge the admissibility of, a taped conversation.  (Pet. at 1.)

14      The facts underlying petitioner's claims are as follows.  The day after Phan's murder, the San

15  Jose police interrogated petitioner about the homicide.  At one point during the interrogation,

16  petitioner was allowed to speak to his father, a conversation the police tape recorded.  (Ans. Ex. B at

17  5.)  In that taped conversation, petitioner instructed his father to provide an alibi for him, and to

18  contact three persons known to be gang members, who were, in turn, to tell the victims and

19  witnesses that they were "mistaken on the identification of [petitioner] during the homicide."  (Id.

20  Ex. A (Preliminary Hearing Transcript) at 889–90.)

21      A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent

22  claims relating to the deprivation of constitutional rights that occurred before the plea of guilty.  See

23  Haring v. Prosise, 462 U.S. 306, 319–20 (1983) (holding that guilty plea forecloses consideration of

24  pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266–67 (1973) (same);

25  Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider, as pre-plea constitutional

26  violation, contention that petitioner's attorneys were ineffective because they failed to attempt to

27  prevent use of confession) (superseded on other grounds by AEDPA as described in Van Tran v.

28  Lindsey, 212 F.3d 1143 (9th Cir. 2000).  Nor may a defendant who pleads guilty collaterally

United States District Court
For the Northern District of California

3

challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel. United States v. Broce, 488 U. S. 563, 574 (1989); Mabry v. Johnson, 467 U.S. 504, 508 (1984).

The only challenges left open in federal habeas corpus after a guilty plea concern the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Tollett, 411 U.S. at 267. Where, as here, the petitioner is challenging his guilty plea, the appropriate question is whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)). If, however, a petitioner cannot establish ineffectiveness under the first prong of the Strickland test, it is unnecessary for the court to address the prejudice prong. See Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

Turning to the instant petition, the Court finds petitioner's claims are foreclosed by the above-cited case authority. More specifically, petitioner's claims are based on alleged constitutional violations that occurred prior to the entry of his guilty plea, and as such, cannot be raised on federal habeas review. Petitioner's sole challenges are limited to allegations that his plea was not knowing and voluntary, and that trial counsel's advice was not constitutionally adequate. Petitioner's claims, which are based on counsel's failure to move to suppress, do not fall under either type of appropriate challenge.

Moreover, petitioner's claim, even if it were cognizable, is without merit. A suppression motion, even if made, likely would have been denied, because petitioner had no reasonable expectation of privacy with respect to his conversation at the police station. In order to establish a Fourth Amendment claim, petitioner must have had an objectively reasonable expectation of privacy. See Smith v. Maryland, 442 U.S. 735, 740 (1979). As the Supreme Court has noted: "[I]t is obvious that a jail shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. In prison, official surveillance has traditionally been the order of the day." Lanza v. New York, 370 U.S. 139, 143–44 (1962). Here, because petitioner had no reasonable expectation of privacy in the police interrogation room, a motion to suppress would have lacked merit. Because

4

**United States District Court**
For the Northern District of California

1  such a motion would have lacked merit, trial counsel's failure to bring such a motion cannot have

2  constituted a deficient performance.[2]

3        Accordingly, for all of the above reasons, petitioner is not entitled to habeas relief on this

4  claim.

5        2.    <u>Failure to Employ a Vietnamese Interpreter</u>

6        Petitioner claims his trial counsel rendered ineffective assistance when he failed to employ a

7  Vietnamese interpreter to assist petitioner, "especially during negotiations." (Pet. at 2.) As noted

8  above, petitioner can challenge the constitutional validity of his plea agreement on the basis that his

9  plea was not knowing and voluntary. Certainly, if petitioner did not understand the proceedings

10 because he did not have sufficient command of the English language, such lack of fluency could be a

11 basis for challenging the constitutional validity of his plea.

12       The transcript of the plea hearing plays a significant role in an inquiry into the validity of a

13 plea:

14     [T]he representations of the defendant, his lawyer, and the prosecutor at [ ] a [plea]
    hearing, as well as any findings made by the judge accepting the plea, constitute a

15     formidable barrier in any subsequent collateral proceedings. Solemn declarations in
    open court carry a strong presumption of verity. The subsequent presentation of

16     conclusory allegations unsupported by specifics is subject to summary dismissal, as
    are contentions that in the face of the record are wholly incredible.

17

18 <u>Blackledge v. Allison</u>, 431 U.S. 63, 73–74 (1977) (citations omitted).

19       Applying these legal principles to the instant matter, the Court finds petitioner's claim is

20 without merit. The record indicates strongly that petitioner understood the nature and consequences

21 of his plea agreement. At his plea hearing, petitioner stated under oath that his decision to enter a

22 plea of guilty was the result of sufficiently long discussions with his trial counsel about the nature,

23

24

25     [2] Petitioner also contends that the taped conversation was inadmissible because it was
recorded "in violation of [T]itle III of the [F]ederal Omnibus Control and Safe Streets Act of 1968 . .

26 . and the California Invasion of Privacy Act." (Trav. at 5.) Whatever rights these laws create, they
are federal and state statutory rights only and, as such, are not cognizable on federal habeas review,
which addresses claims based on violations of federal constitutional rights. <u>See</u> 28 U.S.C. §

27 2254(a). Furthermore, petitioner presents this contention in his traverse, rather than in his amended
complaint. A traverse is not the proper pleading to raise additional grounds for relief, however. <u>See</u>

28 <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994). Accordingly, petitioner is not entitle
to habeas relief on these claims.

elements of, and defenses to, the charges.  When asked whether he understood the specifics of the charges and whether he understood that he was waiving his trial rights, petitioner clearly answered in the affirmative.  (Ans. Ex. C at 9–20.)  At his sentencing hearing, petitioner stated and spelled his name for the record, in addition to giving clear answers to questions.  (Ans. Ex. D at 4.)  Indeed, there is no evidence in the record that petitioner at any time, whether at the time of his plea or at the sentencing hearing, indicated he did not understand the proceedings or the plea agreement. Petitioner's own statements in court, which, under Blackledge, carry a strong presumption of verity, heavily undercut his assertion that he did not understand the proceedings or otherwise required the services of a Vietnamese interpreter.  In sum, petitioner's subsequent conclusory allegations are not sufficient to overcome the record in the trial court and its presumption of verity.  See Blackledge, 435 U.S. at 73–74.

Accordingly, petitioner is not entitled to habeas relief on this claim.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is hereby DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: February 26, 2009

MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California

6